UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | Civil Action No. 4:19-cv-798 (ALM)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
ANSWER AND COUNTERCLAIMS TO PLAINTIFF AMERICAN PATENTS'
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Hewlett Packard Enterprise Company ("HPE"), answers the Complaint for Patent Infringement filed by Plaintiff American Patents LLC ("American Patents") [Dkt. No. 1]. HPE denies the allegations of the Complaint to the extent such allegations are not expressly admitted in the following paragraphs.

1.  HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and thus denies those allegations.

2.  HPE admits it is a corporation organized and existing under the laws of Delaware. HPE admits that CT Corporation is its registered agent for service of process in Texas.

3.  HPE states that the allegations in Paragraph 3 contain legal conclusions that require no answer. To the extent an answer is required, HPE admits that the Complaint purports to be an action for patent infringement arising under Title 35 of the United States Code. HPE does not contest that this Court has subject matter jurisdiction over American Patents' claim for patent infringement. HPE denies that it has committed any acts of patent infringement.

4. HPE states that the allegations in Paragraph 4 contain legal conclusions that require no answer. To the extent an answer is required, HPE does not contest, for purposes of this action only, that the Court has personal jurisdiction over it. HPE admits for the purposes of this action that it has conducted business in this Texas, and that it is registered to do business in Texas, but HPE denies that it has committed any acts of patent infringement in the State of Texas or otherwise. HPE denies any and all remaining allegations in Paragraph 4.

5. HPE states that the allegations in Paragraph 5 contain legal conclusions that require no answer. To the extent an answer is required, HPE admits that it has an office at 6080 Tennyson Pkwy Ste. 400, Plano, TX 75024, but avers that this District is not the most convenient or most appropriate forum for this action. HPE reserves all rights to seek a transfer under 28 U.S.C. § 1404. HPE denies that it has committed any acts of patent infringement in this District or otherwise. HPE denies any and all remaining allegations in Paragraph 5.

6. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and thus denies those allegations.

7. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and thus denies those allegations.

8. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and thus denies those allegations.

9. HPE admits that U.S. Patent No. 7,088,782 ("the '782 patent") is entitled "Time And Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems" and appears on its face to have issued on August 8, 2006. HPE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and thus denies those allegations.

10. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and thus denies those allegations.

11. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are 802.11ac products of HPE or its subsidiary, Aruba Networks, Inc. ("Aruba"). HPE denies the remaining allegations of Paragraph 11.

12. HPE denies the allegations in Paragraph 12.

13. HPE states that the allegations in Paragraph 13 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

14. HPE states that the allegations in Paragraph 14 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

15. HPE states that the allegations in Paragraph 15 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

16. HPE states that the allegations in Paragraph 16 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

17. HPE states that the allegations in Paragraph 17 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

18. HPE states that the allegations in Paragraph 18 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

19. HPE states that the allegations in Paragraph 19 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

20. HPE admits that it was notified of the '782 Patent as of the formal service of process of American Patents' Complaint in this matter. HPE denies the remaining allegations of Paragraph 32.

21. HPE denies the allegations in Paragraph 21.

22. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and thus denies those allegations.

23. HPE admits that U.S. Patent No. 7,310,304 ("the '304 Patent") is entitled "Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems" and appears on its face to have issued on December 18, 2007. HPE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and thus denies those allegations

24. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and thus denies those allegations.

25. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are 802.11ac products of HPE or its subsidiary, Aruba. HPE denies the remaining allegations of Paragraph 25.

26. HPE denies the allegations in Paragraph 26.

27. HPE states that the allegations in Paragraph 27 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

28. HPE states that the allegations in Paragraph 28 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

29. HPE states that the allegations in Paragraph 29 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

30. HPE states that the allegations in Paragraph 30 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

31. HPE states that the allegations in Paragraph 31 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

32. HPE admits that it was notified of the '304 Patent as of the formal service of process of American Patents' Complaint in this matter. HPE denies the remaining allegations of Paragraph 32.

33. HPE denies the allegations in Paragraph 33.

34. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and thus denies those allegations.

35. HPE admits that U.S. Patent No. 7,706,458 ("the '458 Patent") is entitled "Time And Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems" and appears on its face to have issued on April 27, 2010. HPE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and thus denies those allegations

36. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and thus denies those allegations.

37. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are 802.11ac products of HPE or its subsidiary, Aruba. HPE denies the remaining allegations of Paragraph 37.

38. HPE denies the allegations in Paragraph 38.

39. HPE states that the allegations in Paragraph 39 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

40. HPE states that the allegations in Paragraph 40 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

41. HPE states that the allegations in Paragraph 41 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

42. HPE states that the allegations in Paragraph 42 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

43. HPE states that the allegations in Paragraph 43 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

44. HPE states that the allegations in Paragraph 44 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

45. HPE states that the allegations in Paragraph 45 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

46. HPE states that the allegations in Paragraph 46 contain legal conclusions that require no answer. HPE denies that it is liable for patent infringement as alleged by American Patents.

47. HPE admits that it was notified of the '458 Patent as of the formal service of process of American Patents' Complaint in this matter. HPE denies the remaining allegations of Paragraph 47.

48. HPE denies the allegations in Paragraph 48.

49. HPE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and thus denies those allegations.

50. HPE denies the allegations in Paragraph 50.

51. HPE denies the allegations in Paragraph 51.

52. HPE denies the allegations in Paragraph 52.

53. HPE denies the allegations in Paragraph 53.

54. HPE denies the allegations in Paragraph 54.

55. HPE denies the allegations in Paragraph 55.

56. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are offered or were offered for sale by HPE or its subsidiary, Aruba. HPE denies the remaining allegations of Paragraph 56.

57. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are offered or were offered for sale by HPE or its subsidiary, Aruba. HPE denies the remaining allegations of Paragraph 57.

58. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are offered or were offered for sale by HPE or its subsidiary, Aruba. HPE denies the remaining allegations of Paragraph 58.

59. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are offered or were offered for sale by HPE or its subsidiary, Aruba. HPE denies the remaining allegations of Paragraph 59.

60. HPE admits that the Aruba 303 Series access point and HPE OfficeConnect OC20 series access point are offered or were offered for sale by HPE or its subsidiary, and that these access points are depicted on the websites of HPE or Aruba. HPE denies the remaining allegations of Paragraph 60.

61. HPE denies the allegations in Paragraph 61.

62. HPE denies the allegations in Paragraph 62.

63. HPE denies the allegations in Paragraph 63.

64. HPE denies the allegations in Paragraph 64.

65. HPE denies the allegations in Paragraph 65.

66. HPE denies the allegations in Paragraph 66.

67. HPE denies the allegations in Paragraph 67.

68. HPE denies the allegations in Paragraph 68.

69. HPE denies the allegations in Paragraph 69.

70. HPE denies the allegations in Paragraph 70.

71. HPE denies the allegations in Paragraph 71.

72. HPE denies the allegations in Paragraph 72.

73. HPE admits that it received notice of the '782, '304, and '458 Patents as of the formal service of process of American Patents' Complaint in this matter. HPE denies the remaining allegations of Paragraph 73.

74. HPE denies the allegations in Paragraph 74.

75. HPE denies the allegations in Paragraph 75.

76. HPE denies the allegations in Paragraph 76.

77. HPE denies the allegations in Paragraph 77.

## JURY DEMAND

No response to American Patents' demand of trial by jury is necessary.

## PRAYER FOR RELIEF

No response to the prayer for relief is necessary. To the extent a response is required, HPE denies any allegations contained in the prayer for relief, and denies that American Patents is entitled to any of the requested relief.

## DEFENSES

Without assuming any burden HPE would otherwise not have, HPE asserts the following defenses:

## FIRST DEFENSE
### (Invalidity)

Each claim of the '782 Patent, each claim of the '304 Patent, and each claim of the '458 Patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code.

## SECOND DEFENSE
### (Non-infringement)

HPE has not directly or indirectly infringed any valid claim of the '782 Patent, any valid claim of the '304 Patent, or any valid claim of the '458 Patent, either literally or under the doctrine of equivalents.

## THIRD DEFENSE
### (Prosecution History Estoppel)

American Patents' claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent American Patents alleges infringement under the doctrine of equivalents.

## FOURTH DEFENSE
### (Equitable Doctrines)

American Patents' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

## FIFTH DEFENSE
### (License and Exhaustion)

American Patents' claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized. American Patents' claims of patent infringement are also barred to the extent that American Patents has exhausted its rights and remedies as to the alleged infringement.

## SIXTH DEFENSE
### (Lack of Standing)

American Patents lacks standing to assert the '782 Patent, the '304 Patent, and the '458 Patent.

## SEVENTH DEFENSE
### (Extraterritoriality)

American Patents' claims for patent infringement are precluded in whole or in part to the extent that any accused functionality of acts are located or performed outside the United States.

## NINTH DEFENSE
### (Limitation on Damages under Section 286)

American Patents' claims for damages are barred to the extent American Patents seeks damages beyond the applicable statute of limitations, 35 U.S.C. § 286.

## TENTH DEFENSE
### (Limitation on Damages Under Section 287)

American Patents' claims for damages prior to the date of notice to HPE are barred to the extent the requirements of 35 U.S.C. § 287 have not been met.

## ELEVENTH DEFENSE
### (No Basis for Injunctive Relief)

American Patents cannot show that it is entitled to injunctive relief because there exists an adequate remedy at law and American Patents' claims otherwise fail to meet the requirements of such relief.

## TWELFTH DEFENSE
### (No Attorneys' Fees)

American Patents cannot show that it is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

HPE has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. HPE reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

## COUNTERCLAIMS

Hewlett Packard Enterprise Company ("HPE"), asserts the following counterclaims against American Patents LLC ("American Patents"):

## PARTIES

1. HPE is a Delaware Corporation with its principal place of business at 6280 America Center Dr., San Jose, California 95002.

2. In its Complaint, American Patents states that is a Texas limited liability company having its address at 2325 Oak Alley, Tyler, Texas 75703.

3. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 7,088,782 (the "'782 patent"), 7,310,304 (the "'304 patent"), and 7,706,458 (the "'458 patent").

## JURISDICTION AND VENUE

4. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201–02.

5. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, 2202.

6. By filing its Complaint in this District, American Patents has submitted to personal jurisdiction of this Court.

7. American Patents has consented to venue as a result of filing this action in this District. However, this District is not the most convenient forum for this action to be heard, and HPE reserves all rights to seek a transfer under 28 U.S.C. § 1404.

## BACKGROUND

8. On November 4, 2019, American Patents filed suit against HPE, alleging infringement of the '782 patent, the '304 patent and the '458 patent. [Dkt. No. 1].

9. An actual, substantial, and continuing justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between American Patents and HPE concerning the infringement and validity of the '782 patent, the '304 patent and the '458 patent. This controversy is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

## FIRST COUNTERCLAIM
### (NON-INFRINGEMENT OF '782 PATENT)

10. HPE repeats and incorporates Paragraphs 1 through 9 of its Counterclaims as if fully set forth herein.

11. An actual controversy exists with respect to the alleged infringement of the '782 patent.

12. HPE has not infringed, and does not infringe, any valid and enforceable claims of the '782 patent, directly, indirectly, literally, or under the doctrine of equivalents.

13. HPE is entitled to a declaratory judgment that it did not infringe any valid and enforceable claims of the '782 patent.

14. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '782 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## SECOND COUNTERCLAIM
### (INVALIDITY OF '782 PATENT)

15. HPE repeats and incorporates Paragraphs 1 through 14 of its Counterclaims as if fully set forth herein.

16. An actual controversy exists with respect to the alleged infringement of the '782 patent.

17. Each and every claim of the '782 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. HPE is entitled to a declaratory judgment that the claims of the '782 patent are invalid.

19. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '782 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## THIRD COUNTERCLAIM
### (NON-INFRINGEMENT OF '304 PATENT)

20. HPE repeats and incorporates Paragraphs 1 through 19 of its Counterclaims as if fully set forth herein.

21. An actual controversy exists with respect to the alleged infringement of the '304 patent.

22. HPE has not infringed, and does not infringe, any valid and enforceable claims of the '304 patent, directly, indirectly, literally, or under the doctrine of equivalents.

23. HPE is entitled to a declaratory judgment that it did not infringe any valid and enforceable claims of the '304 patent.

24. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '304 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## FOURTH COUNTERCLAIM
### (INVALIDITY OF '304 PATENT)

25. HPE repeats and incorporates Paragraphs 1 through 24 of its Counterclaims as if fully set forth herein.

26. An actual controversy exists with respect to the alleged infringement of the '304 patent.

27. Each and every claim of the '304 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. HPE is entitled to a declaratory judgment that the claims of the '304 patent are invalid.

29. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '304 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## FIFTH COUNTERCLAIM
### (NON-INFRINGEMENT OF '458 PATENT)

30. HPE repeats and incorporates Paragraphs 1 through 29 of its Counterclaims as if fully set forth herein.

31. An actual controversy exists with respect to the alleged infringement of the '458 patent.

32. HPE has not infringed, and does not infringe, any valid and enforceable claims of the '458 patent, directly, indirectly, literally, or under the doctrine of equivalents.

33.     HPE is entitled to a declaratory judgment that it did not infringe any valid and enforceable claims of the '458 patent.

34.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '458 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

**SIXTH COUNTERCLAIM**
**(INVALIDITY OF '458 PATENT)**

35.     HPE repeats and incorporates Paragraphs 1 through 34 of its Counterclaims as if fully set forth herein.

36.     An actual controversy exists with respect to the alleged infringement of the '458 patent.

37.     Each and every claim of the '458 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

38.     HPE is entitled to a declaratory judgment that the claims of the '458 patent are invalid.

39.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '458 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

**REQUEST FOR RELIEF**

WHEREFORE, HPE respectfully requests judgment and relief as follows:

A.     That the Complaint be dismissed with prejudice, and that judgment be rendered in favor of HPE and against American Patents;

B.      That HPE be granted declaratory judgment that HPE has not infringed the '782 patent;

C.      That HPE be granted declaratory judgment that the claims of the '782 patent are invalid;

D.      That HPE be granted declaratory judgment that HPE has not infringed the '304 patent;

E.      That HPE be granted declaratory judgment that the claims of the '304 patent are invalid;

F.      That HPE be granted declaratory judgment that HPE has not infringed the '458 patent;

G.      That HPE be granted declaratory judgment that the claims of the '458 patent are invalid;

H.      That HPE be awarded its costs and expenses incurred in this action;

I.      That HPE be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

J.      For all other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Fax: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

David A. Garr (*pro hac vice* forthcoming)
dgarr@cov.com
Derek J. Andros (*pro hac vice* forthcoming)
dandros@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Anupam Sharma (*pro hac vice* forthcoming)
asharma@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**ATTORNEYS FOR DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 16th day of January 2020.

*/s/ Jennifer H. Doan*
Jennifer H. Doan